951 F.2d 360
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Richard R. HARRIS, Trustee, Plaintiff-Appellant,
v.
J.L. SIVLEY, Defendant-Appellee.
 No. 91-15358.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 26, 1991.*
Decided Dec. 13, 1991.
 
 Before HUG, POOLE and CANBY, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Richard R. Harris, a federal prisoner, appeals pro se the district court's dismissal of his action for damages and injunctive relief brought under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971). In his complaint, Harris challenged (1) the conditions of his confinement and (2) the loss of his prison job due to his refusal to participate in the Bureau of Prison's Inmate Financial Responsibility Program. We review de novo, Noll v. Carlson, 809 F.2d 1446, 1447 (9th Cir.1987), and we affirm.
 
 
 3
 The district court properly dismissed Harris's claims concerning conditions of his confinement without prejudice for failure to exhaust administrative remedies. Ordinarily, a federal prisoner seeking both damages and injunctive relief cannot bring a Bivens action unless he first has exhausted administrative remedies. Terrell v. Brewer, 935 F.2d 1015, 1019 (9th Cir.1991). Exhaustion is not required if (1) administrative remedies would be futile, (2) the agency's actions clearly and unambiguously violate statutory or constitutional rights, or (3) the administrative procedure is clearly shown to be inadequate to prevent irreparable injury. Id. None of these exceptions applies here.
 
 
 4
 The district court also properly dismissed with prejudice Harris's claim concerning his prison job.
 
 
 5
 In October 1989, Harris received a Federal Prison Industries (UNICOR) work assignment. See 28 C.F.R. § 545.50 et seq. (1989) (describing UNICOR work program). Inmates with UNICOR work assignments are required to participate in the Inmate Financial Responsibility Program, which requires inmates to make payments toward court-ordered obligations, including special assessments imposed under 18 U.S.C. § 3013 and restitution. See id. § 545.11(a). Inmates who refuse to participate in the financial responsibility program are removed from the UNICOR program. See id. § 545.11(c).
 
 
 6
 Harris was placed in a UNICOR work assignment on October 2, 1989. On October 24, 1989, he was advised that he would be required to participate in the Inmate Financial Responsibility Program and make payments toward his court-ordered restitution and assessment. Harris refused to participate in the program pending the outcome of his direct criminal appeal, but told prison officials that he would make the required payments if his conviction were affirmed. Because he refused to participate in the program, Harris was removed from his UNICOR job on November 13, 1989.
 
 
 7
 Harris contends that his due process rights were violated when he lost his UNICOR job because he refused to participate in the Inmate Financial Responsibility Program. Prisoners have no constitutional right to a prison job, however. See Baumann v. Arizona Dep't of Corrections, 754 F.2d 841, 846 (9th Cir.1985) (no constitutional right to jobs and educational opportunities); Rizzo v. Dawson, 778 F.2d 527, 530 (9th Cir.1985) (no liberty or property interest in vocational training); Hoptowit v. Rhay, 682 F.2d 1237, 1254-55 (9th Cir.1982) (no constitutional right to rehabilitation); accord Gill v. Mooney, 824 F.2d 192, 194 (2d Cir.1987) (no constitutional right to prison job); Adams v. James, 784 F.2d 1077, 1079 (11th Cir.1986) (same); Lyon v. Farrier, 727 F.2d 766, 769 (8th Cir.) (same), cert. denied, 469 U.S. 839 (1984). Moreover, federal statutes and prison regulations do not create a protected interest. See 28 C.F.R. §§ 545.20-545.64 (1989 & 1991); Olim v. Wakinekona, 461 U.S. 238, 245-49 (1983) (protected interest may be created through the enactment of statutory or regulatory measures with mandatory language imposing substantive limitations on the exercise of official discretion); see also James v. Quinlan, 866 F.2d 627, 630 (3rd Cir.) (no liberty interest in UNICOR job assignments), cert. denied, 493 U.S. 870 (1989). Because Harris had no constitutionally protected right to his prison job, his rights were not violated by the requirement that he participate in the Inmate Financial Responsibility Program. See id.; see also 18 U.S.C. § 4042(3) (Bureau of Prisons has been given statutory authority to provide for the instruction and discipline of federal prisoners); 28 C.F.R. § 0.96(q) (1989 & 1991) (Bureau of Prisons has authority to provide for the proper discipline, treatment, care, rehabilitation, and reformation of all federal inmates). Accordingly, the district court properly dismissed Harris's claim concerning the loss of his prison job for failure to state a claim.
 
 
 8
 On appeal, Harris also argues that the district court erred by not granting his motion to amend his complaint. Under Fed.R.Civ.P. 15(a), a party may amend his complaint once as a matter of course before a responsive pleading is served. A motion to dismiss is not considered a responsive pleading for purposes of Rule 15(a). Miles v. Department of Army, 881 F.2d 777, 781 (9th Cir.1989). Moreover, before a pro se litigant's civil rights complaint may be dismissed for failure to state a claim, the pro se must be given notice of the deficiencies of the complaint and an opportunity to amend unless it is clear from the face of the complaint that the deficiencies cannot be cured. See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir.1987).
 
 
 9
 Here, Harris named only the warden as a party in his first complaint although he identified all the individuals who participated in the alleged constitutional violations in the body of the complaint. After the government filed its motion to dismiss and asserted as a defense that the warden had not participated personally in some of the alleged violations, Harris tried to file an amended complaint naming as defendants all of the prison officials who participated in the alleged misconduct. In his proposed amended complaint, Harris also made more detailed factual allegations to remedy other deficiencies in his first complaint that were identified in the government's motion to dismiss.
 
 
 10
 Because Harris cannot state a claim regarding the loss of his prison job, the district court properly denied leave to amend as to that claim. See id. Moreover, the district court properly dismissed Harris's other claims without prejudice for failure to exhaust administrative remedies. Because Harris may refile his action and amend his complaint after he exhausts administrative remedies, we affirm the district court's denial of leave to amend the complaint.
 
 
 11
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3