Anthony G. GILL, Plaintiff-Appellant,

v.

Jay MOONEY, Mary Farrell, P. Rudnickey, B. Ward, F. Hunt, Mason, Bump, E. Corcoran, Michael Wright, DeLuca, Jim Kelly, Ann Conners, Rathbun, G. Marcau, Denno, Ann Hatch, Mary Trapman and E.W. Jones, Defendants-Appellees.

No. 451, Docket 86–2266.

United States Court of Appeals, Second Circuit.

Submitted Jan. 5, 1987.

Decided July 16, 1987.

Anthony G. Gill, pro se.

Robert Abrams, Atty. Gen., State of N.Y., Albany, N.Y., Martin A. Hotvet, Asst. Atty. Gen., State of N.Y., Albany, N.Y., and Peter Schiff, Deputy Sol. Gen., Dep't of Law, Albany, N.Y., for defendants-appellees.

Before FEINBERG, Chief Judge, VAN GRAAFEILAND and PIERCE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Anthony Gill, a *pro se* plaintiff, appeals from a judgment of the United States District Court for the Northern District of New York (McCurn, J.) dismissing his civil rights complaint. 42 U.S.C. § 1983. Although we agree with the district court that many of plaintiff's allegations fail to state claims of constitutional dimension, we believe that several portions of his 124–paragraph complaint allege colorable claims for relief. Accordingly, we affirm in part and reverse in part.

Plaintiff, a State prisoner, sued eighteen officers and employees of the Great Meadow Correctional Facility, including correctional officers, nurses, librarians, teachers, a gym supervisor, and the prison superintendent. He was permitted to sue *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). Service of process was attempted through the mail, and sixteen defendants were served. Two of the summonses, addressed to defendants "Mary Trapman, R.N." and "G. Marcau, Gym Instructor,"

were returned with a note from the prison records office stating that nobody with either name was employed at the Facility.

An answer was filed on behalf of the sixteen defendants who were served. After Gill's request for appointment of counsel was denied, he served written interrogatories upon those defendants and later moved for an order compelling answers to his interrogatories. Defense counsel then cross-moved for an order dismissing the complaint as to the sixteen defendants for failure to state a claim. Fed.R.Civ.P. 12(b)(6). The motions were referred to Magistrate Edward Conan, who recommended that the defendants' motion be granted and that Gill's motion be denied as moot. The Magistrate's recommendations were adopted by Judge McCurn in a summary order. This is an appeal from that order.

At the outset, we are confronted with a question concerning the scope of the district court's order. Although the motion to dismiss was made only on behalf of the sixteen defendants who had been served and appeared, the district court's order dismissed the complaint "as to all defendants." Despite the apparent broad scope of the quoted words, we believe the district court intended the word "defendants" to include only those who were served, had appeared and moved to dismiss. *See* cases collected in 11A *Words and Phrases* at 340. We are bolstered in this belief by our confidence that the able district judge knew our general policy of disapproving *sua sponte* dismissals of *pro se* prisoner petitions before service and appearance. *See, e.g., Massop v. Coughlin,* 770 F.2d 299, 301 (2d Cir.1985) (per curiam). We limit our discussion therefore to the claims against the sixteen moving defendants.

## WORK ASSIGNMENTS

■ Gill contends that he was denied due process of law by changes in his work assignments that were neither requested by him nor authorized by the prison's program committee. These claims were properly dismissed. New York law does not give a prisoner "any statutory, regulatory or precedential right to his prison job." *Cooper v. Smith,* 63 N.Y.2d 615, 616, 479 N.Y.S.2d 519, 468 N.E.2d 701 (1984) *(mem.).* Accord, *Owens v. Coughlin,* 561 F.Supp. 426, 428 (S.D.N.Y.1983). It merely provides that the State commissioner or prison officials "may" provide jobs for prisoners. N.Y.Correct.L. § 171(1). This is not the "language of an unmistakably mandatory character" that is indicative of a liberty or property interest. *Hewitt v. Helms,* 459 U.S. 460, 471, 103 S.Ct. 864, 871, 74 L.Ed.2d 675 (1983); *see Board of Pardons v. Allen,* — U.S. —, — — — n. 10, 107 S.Ct. 2415, 2421 n. 10, 96 L.Ed.2d 303 (1987). "If the decisionmaker is not 'required to base [his] decisions on objective and defined criteria,' but instead 'can deny the requested relief for any constitutionally permissible reason or for no reason at all,' the State has not created a constitutionally protected liberty interest." *Olim v. Wakinekona,* 461 U.S. 238, 249, 103 S.Ct. 1741, 1747, 75 L.Ed.2d 813 (1983) (quoting *Connecticut Board of Pardons v. Dumschat,* 452 U.S. 458, 466–67, 101 S.Ct. 2460, 2465, 69 L.Ed.2d 158 (1981)). Any other rule would involve the judiciary in discretionary decisions that are not the business of federal judges. *See Cofone v. Manson,* 594 F.2d 934, 939 (2d Cir.1979) (citing *Meachum v. Fano,* 427 U.S. 215, 228–29, 96 S.Ct. 2532, 2540, 49 L.Ed.2d 451 (1976)).

■ Of course, a claim for relief may be stated under section 1983 if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights. *Purcell v. Coughlin,* 790 F.2d 263, 265 (2d Cir.1986) (per curiam). That possibility is obliquely raised in an affidavit filed by Gill in the district court, in which he conclusorily alleges that the job transfers were intended to punish and harass him. However, recognizing the possibilities for abuse in claims of this sort, we have insisted on a higher level of detail in pleading them and have held that "a complaint which alleges retaliation in wholly conclusory terms may safely be dismissed on the pleadings alone." *Flaherty v. Coughlin,* 713 F.2d

10, 13 (2d Cir.1983). Since that is the situation here, the district court did not err in dismissing appellant's work assignments claims.

## PERSONAL INJURIES

■ Gill alleges that he was injured when he fell off a ladder that he was forced to use in a painting assignment given him by defendants Rudnickey and Mooney. With respect to Rudnickey, the district court correctly held that Gill has not alleged any facts sufficient to state a claim of constitutional dimension. Although Gill alleges that the ladder was defective, he does not allege that Rudnickey had any prior notice of the unsafe condition. He alleges only that Rudnickey forced him to paint despite his complaints that paint fumes made him "dizzy and nauseous." In the absence of any medical proscriptions known to Rudnickey, his decision to ignore Gill's complaints amounted to nothing more than a mere negligent act, which is not a violation of either the Fourteenth Amendment, *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986), or the Eighth Amendment, *Whitley v. Albers*, 475 U.S. 312, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986).

■ Gill's claims against Mooney stand on a different footing. Gill alleges that Mooney ordered him to continue working after Gill had informed Mooney that the ladder was unsafe. In his affidavit submitted in opposition to defendants' motion to dismiss, Gill asserts that Mooney's actions amounted to deliberate and willful indifference. Liberally construed under *pro se* pleading standards, Gill's allegations against Mooney "involve more than ordinary lack of due care for the prisoner's interests or safety," *Whitley v. Albers, supra,* 475 U.S. at 319, 106 S.Ct. at 1084, and therefore state a colorable claim under the Eighth and Fourteenth Amendments. *See Bass v. Jackson,* 790 F.2d 260, 262–63 (2d Cir.1986); *Villante v. Dep't of Corrections of City of New York,* 786 F.2d 516, 519 (2d Cir.1986).

Because of the injury suffered by Gill in his fall from the ladder, prison doctors prescribed a neck brace and a firm bed board for his use. Gill alleges that on a number of occasions various defendants ordered him to perform work assignments that were inconsistent with those work restrictions. In every case, however, Gill refused to perform the required work and the disciplinary charges against him were dismissed. By his own admission, therefore, those portions of the complaint do not allege any appreciable injury and were properly dismissed. *See Purcell v. Coughlin, supra,* 790 F.2d at 265.

■ The district court also properly dismissed the claims against defendant Bump, a corrections officer who is alleged to have ignored medical orders in directing Gill to move his personal belongings when he was transferred from one cell to another. Those directions were not enforced, since Gill concedes that he was given assistance in moving his possessions after the doctor's order was verified. Gill has, however, stated a claim for relief against defendant De-Luca who, according to Gill, required Gill on another occasion to move his belongings, including a 40–pound bed board, despite Gill's protests that such task was inconsistent with his posted medical restrictions. Gill asserts that when he attempted to comply with DeLuca's order, he fell down a flight of stairs and suffered injuries requiring his hospitalization. In view of the liberal pleading rules for *pro se* complaints, these allegations are sufficient to state a colorable constitutional claim of gross negligence or deliberate indifference to Gill's physical well-being. *See Bass v. Jackson, supra,* 790 F.2d at 262–63.

## MEDICAL CARE

■ Because Gill complained of injuries to his neck and back, prison doctors are alleged to have ordered that he be permitted additional time in the facility gymnasium for rehabilitative therapy. Gill claims that those orders were deliberately ignored by Gym Supervisor Marcau and Corrections Officer Denno, who refused him access to his prescribed exercise program on two separate occasions. He also contends

that Marcau and Denno conspired with Nurse Hatch to discontinue and rescind the doctor's order. When Dr. Foote learned that the exercise program had been discontinued, he is supposed to have become "highly upset" and to have immediately signed a new order directing an additional thirty-day exercise program. Despite that order, Gill alleges that he once again was denied access to the gym by an officer who claimed to be following the directions of Denno and Marcau.

 The foregoing allegations, accepted as true for the purposes of this motion to dismiss, are sufficient to state a colorable constitutional claim of deliberate indifference to a prisoner's medical needs. *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 291, 50 L.Ed.2d 251 (1976); *Todaro v. Ward*, 565 F.2d 48, 52 (2d Cir.1977). Prison officials are more than merely negligent if they deliberately defy the express instructions of a prisoner's doctors. *Martinez v. Mancusi*, 443 F.2d 921, 924 (2d Cir.1970), *cert. denied*, 401 U.S. 983, 91 S.Ct. 1202, 28 L.Ed.2d 335 (1971). If defendants deliberately interfered with Gill's medically prescribed treatment solely for the purpose of causing him unnecessary pain, they may be subject to liability despite the likelihood that he suffered no permanent injuries. *See Robison v. Via*, 821 F.2d 913, 924 (2d Cir.1987).

 Gill also alleges an Eighth Amendment claim against defendants Kelly and Conners, prison nurses, for refusing to admit him to the hospital ward despite his claims of dizziness and numbness in his left arm and leg. The nurses are alleged to have told Gill's escort officer "he is not staying in the hospital, because all he causes is problems for us and the administration up front." The precise meaning of that statement will require further development of the facts. If the nurses believed that Gill had caused problems by feigning illnesses and therefore were refusing him admission in the belief that he was not ill, their error was at most a negligent professional judgment. *Estelle v. Gamble, supra*, 429 U.S. at 106, 97 S.Ct. at 292. Dismissal of the claim also would be proper if the nurses were referring to problems with

Gill's behavior that made it difficult or impossible for him to be treated effectively. *Jones v. Smith*, 784 F.2d 149, 151–52 (2d Cir.1986). Gill may have a valid claim for relief, however, if the nurses refused him necessary medical attention as a form of punishment for misconduct unrelated to his medical condition or treatment. *Archer v. Dutcher*, 733 F.2d 14, 17 (2d Cir.1984); *Cruz v. Ward*, 558 F.2d 658, 662 (2d Cir. 1977), *cert. denied*, 434 U.S. 1018, 98 S.Ct. 740, 54 L.Ed.2d 765 (1978). The dismissal of the claims against those two defendants therefore is reversed for further proceedings.

## SUPERVISORY LIABILITY

 Gill's complaint is silent as to anything which defendant Jones, the Superintendent of the Great Meadow Correctional Facility, did or failed to do. It alleges only that Jones is responsible "for the operations and management of the Great Meadow Correctional Facility, and the conduct of all staff personnel, and the care, custody and safety of all inmates under his immediate jurisdiction." Absent some personal involvement by Jones in the allegedly unlawful conduct of his subordinates, he cannot be held liable under section 1983. *Alfaro Motors, Inc. v. Ward*, 814 F.2d 883, 886 (2d Cir.1987); *Williams v. Smith*, 781 F.2d 319, 323–24 (2d Cir.1986). Dismissal of a section 1983 claim is proper where, as here, the plaintiff "does no more than allege that [defendant] was in charge of the prison." *Williams v. Vincent*, 508 F.2d 541, 546 (2d Cir.1974). The dismissal as to defendant Jones therefore must be affirmed.

## PENDENT CLAIMS

In addition to his federal constitutional claims, Gill invoked the pendent jurisdiction of the district court with respect to his claim that defendants also violated unspecified New York State laws and regulations. Although we do not suggest that the district court abused its discretion in denying this request, we will permit the district court, upon remand, to reassess the propriety of its decision if it so desires. *See Andrea Theatres, Inc. v. Theatre Confections, Inc.*, 787 F.2d 59, 64 (2d Cir.1986).

## CONCLUSION

For the reasons stated above, the judgment of the district court is affirmed as to the defendants Farrell, Rudnickey, Ward, Hunt, Mason, Bump, Corcoran, Wright, Rathbun and Jones; it is reversed and the case is remanded for further proceedings with respect to Gill's federal constitutional claims against defendants Mooney, DeLuca, Kelly, Conners, Denno and Hatch.