918 F.2d 957
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Jerry Leronzo EAKINS, Plaintiff-Appellant,
v.
Rick FAUST, Inspector, Kinross Correctional Facility, et
al., Defendants-Appellees.
 No. 89-2382.
 United States Court of Appeals, Sixth Circuit.
 Nov. 23, 1990.
 
 W.D.Mich., No. 88-00030; Robert Holmes Bell, J.
 W.D.Mich.
 AFFIRMED.
 Before KRUPANSKY and DAVID A. NELSON, Circuit Judges, and CELEBREZZE, Senior Circuit Judge.
 
 ORDER
 
 1
 Jerry Leronzo Eakins, a pro se Michigan prisoner, appeals the district court's order dismissing his civil rights action filed pursuant to 42 U.S.C. Sec. 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 The lawsuit arose after Mr. Eakins filed an administrative grievance against a prison official named Thomas Hill. The grievance was resolved against Eakins, and a second official, defendant Rick Faust, determined that the accusations in the grievance were false and were intended to get Mr. Hill into trouble. When Faust filed a misconduct report against Eakins, Eakins sued him in federal court.
 
 
 3
 Eakins' complaint alleged, in essence, (1) that the misconduct report was retaliatory, and violated his due process rights; (2) that the misconduct report chilled his First Amendment right to petition for redress of grievances; (3) that he had been subjected to cruel and unusual punishment by (a) being subjected to repeated "shakedowns" and fabricated misconduct charges, (b) being required to occupy a two-person cell with two other inmates, and (c) being denied a transfer arbitrarily; (4) that the arbitrary denial of his request for a transfer deprived him of liberty without due process of law; and (5) that he was discriminated against because he is a Melanic Muslim of African-American descent.
 
 
 4
 On motion to dismiss, a magistrate filed a report and recommendation concluding that Eakins had no claims on which relief could be granted. After de novo review in light of Eakins' objections to the report and recommendation, the district court approved the report and entered an order of dismissal. This appeal followed.
 
 
 5
 We shall affirm the judgment for the reasons stated in the magistrate's report and recommendation dated July 27, 1989, as adopted by the district court's order dated November 16, 1989. We note in addition that although there may have been a technical violation of Michigan Department of Corrections guidelines governing misconduct reports against prisoners thought to have made false statements in grievances (Faust incorporated the results of his investigation in the misconduct report itself, rather than preparing a separate report), "the state's failure to comply with its own procedural requirements is not in itself a violation of due process." Spruyette v. Walters, 753 F.2d 498, 508 (6th Cir.1985), cert. denied, 474 U.S. 1054 (1986), citing Bills v. Henderson, 631 F.2d 1287, 1296-98 (6th Cir.1980) (emphasis in original).
 
 
 6
 Eakins' claim of retaliation is purely conclusory, and such a complaint may safely be dismissed on the pleadings alone. Gill v. Mooney, 824 F.2d 192, 194 (2d Cir.1987); Flaherty v. Coughlin, 713 F.2d 10, 13 (2d Cir.1983).
 
 
 7
 Accordingly, the district court's judgment is hereby AFFIRMED. Rule 9(b)(5) Rules of the Sixth Circuit.