51 F.3d 272
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles MAGGARD, Plaintiff-Appellant,
v.
Michael J. O'DEA, III, Warden; Don Sapienza, Deputy Warden;
Linda Jarrells, Nurse Service Administrator,
Defendants-Appellees.
 No. 94-5705.
 United States Court of Appeals, Sixth Circuit.
 April 5, 1995.
 
 1
 Before: JONES and SILER, Circuit Judges; and WISEMAN, District Judge.*
 
 ORDER
 
 2
 Charles Maggard, a Kentucky state prisoner, appeals pro se a district court summary judgment in favor of the defendant prison officials in a civil rights action filed pursuant to 42 U.S.C. Sec. 1983. The case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Seeking monetary relief, Maggard sued the Warden at the Eastern Kentucky Correctional Complex (EKCC), the Deputy Warden at EKCC, and the Nurse Service Administrator at EKCC, alleging that he suffered cruel and unusual punishment when "Defendant O'Dea and Defendant Sapienza refused to comply with [Maggard's] doctor's orders to transfer [Maggard] to the Geriatric Unit at the Kentucky State Reformatory to treat [Maggard] for his illness." Maggard also alleged that his Eighth Amendment rights were violated when defendants O'Dea and Sapienza refused to comply with the doctor's orders to move Maggard to a ground floor, single, bottom bunk cell. Maggard also alleged that his Eighth Amendment rights were violated when defendant Jarrells "interfered with the doctor's orders and caused a delay in medical treatment" by failing to file the doctor's orders in the prison file. Lastly, Maggard alleged that the EKCC dormitories are "very dusty" and the conditions of the prison violate his right to be free from cruel and unusual punishment. The magistrate judge discussed each of the allegations in detail, and recommended that summary judgment be granted in favor of the defendants. Upon de novo review in light of Maggard's objections, the district court adopted the report and recommendation, granted summary judgment in favor of the defendants, and dismissed the action by order dated April 21, 1994.
 
 
 4
 Upon review, we affirm the district court's judgment as there is no genuine issue as to any material fact and as the moving party is entitled to a judgment as a matter of law. Fed.R.Civ.P. 56(c); see LaPointe v. UAW, Local 600, 8 F.3d 376, 378 (6th Cir.1993).
 
 
 5
 To show a violation of the Eighth Amendment, a prisoner must establish acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. Estelle v. Gamble, 429 U.S. 97, 106 (1976). Prison officials are more than merely negligent if they deliberately defy the express instructions of a prisoner's doctors. See Gill v. Mooney, 824 F.2d 192, 196 (2d Cir.1987); Martinez v. Mancusi, 443 F.2d 921, 924 (2d Cir.1970), cert. denied, 401 U.S. 983 (1971).
 
 
 6
 Summary judgment was proper insofar as Maggard alleged an Eighth Amendment claim against the defendants for failing to comply with the medical staff's requests to transfer him to KSR. As the magistrate judge correctly points out, the requests for transfers made by Dr. Frederick, EKCC medical director, were just that, requests, and not "orders." Under Kentucky's Corrections Policies and Procedures, the medical staff cannot simply "order" institutional transfer of an inmate, but can only recommend such transfer, and then only on the basis that the inmate is being transferred to a facility that is better equipped to deal with the inmate's medical needs. Accordingly, because the medical staff cannot order a transfer, the defendants did not "defy express instructions," nor did they intentionally interfere with "prescribed" treatment.
 
 
 7
 Summary judgment was proper insofar as Maggard alleged that the defendants deliberately defied orders of medical staff to have Maggard assigned to a lower cell. The record is devoid of evidence that the defendants deliberately failed to comply with Dr. Frederick's orders as they attempted to place Maggard in a lower level cell. Even if Maggard had a serious medical need requiring him to be assigned to a lower level single bunk cell, he was eventually assigned to such a cell on January 21, 1992. Maggard has failed to show that he suffered substantial harm from any delay in placing him in a ground floor cell. See Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir.1990).
 
 
 8
 Summary judgment was proper insofar as Maggard claimed that the "very dusty" conditions at EKCC violated his right to be free from cruel and unusual punishment. There is no evidence that the excessive dust caused Maggard any harm. Although it is undisputed that Maggard has a chronic asthmatic condition, Maggard does not allege that this condition has been aggravated by the dust at EKCC. In addition, the record reflects that Maggard is a smoker. Thus, as noted by the magistrate judge, even if dust adversely affected Maggard, "it would be difficult to prove that the dust, and not the tobacco smoke, harmfully exacerbated [Maggard's] condition." Additionally, the defendants have offered the undisputed affidavit of the Warden at EKCC who stated that the filters of the forced air system at EKCC are monitored by the staff, regularly changed every quarter, and changed more frequently as needed. The district court properly disposed of the conditions of confinement claim.
 
 
 9
 For the foregoing reasons, the district court's judgment is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas A. Wiseman, United States District Judge for the Middle District of Tennessee, sitting by designation