Courtney S. **NORRIS**, Plaintiff–Appellant,

v.

Edward L. **COHN**, et al., Defendants–Appellees.

No. 01–1055.

United States Court of Appeals, Seventh Circuit.

Submitted Nov. 20, 2001 *.

Decided Nov. 30, 2001.

---

\* After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R.App. P. 34(a)(2).

Before Hon. WOOD, Jr., Hon. RIPPLE, Hon. WILLIAMS, Circuit Judges.

## ORDER

Indiana prisoner Courtney Norris sued various employees of the Indiana Department of Corrections ("IDOC") under 42 U.S.C. § 1983, alleging that they violated his Eighth Amendment right to be free from cruel and unusual punishment by providing him with unsafe working conditions. The district court dismissed the case, concluding that Mr. Norris failed to state a claim under § 1983 because the defendants' alleged actions constituted mere negligence. For the reasons that follow, we vacate the district court's judgment and remand the case for dismissal on different grounds.

### I

### BACKGROUND

On July 9, 1999, while incarcerated at Westville Correctional Facility, Mr. Norris and other inmates were ordered to cut grass with push lawnmowers. While cutting the grass, Mr. Norris tripped over a lawnmower operated by another inmate, causing the lawnmower blades to amputate the second toe on his left foot.

Mr. Norris did not file a grievance within the prison grievance system. Mr. Norris did, however, file a "Notice of Tort Claim" under the Indiana Tort Claims Act, Ind.Code § 34-13-3-6, with the Indiana Office of Attorney General. The Indiana Attorney General denied the claim.

Mr. Norris then filed this suit, alleging that he did not file a grievance within the prison because "[t]heir is [sic] no available remedies [sic] for being dismembered." The defendants moved to dismiss for failure to exhaust administrative remedies. The district court dismissed without reaching the exhaustion issue because "[u]nsafe working conditions such as those alleged here generally do not constitute a claim under § 1983."

## II

### ANALYSIS

■ We review a dismissal of a complaint *de novo*, accepting as true all well-pleaded allegations and drawing all reasonable inferences in the plaintiff's favor. *Massey v. Helman*, 259 F.3d 641, 645 (7th Cir.2001). We shall affirm only if it is clear that no relief is warranted under any set of facts. *Alvarado v. Litscher*, 267 F.3d 648, 651 (7th Cir.2001). We may affirm, however, "on any ground supported by the record, even if different from the grounds relied upon by the district court." *Slaney v. The Int'l Amateur Athletic Fed'n*, 244 F.3d 580, 597 (7th Cir.), *cert. denied*, —— U.S. ——, 122 S.Ct. 69, 151 L.Ed.2d 35 (2001).

■ To prevail on an Eighth Amendment claim, a prisoner must show that he was incarcerated under conditions presenting a substantial risk of serious harm and that prison officials acted with deliberate indifference toward that risk. *Farmer v. Brennan*, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Unsafe prison working conditions can constitute an Eighth Amendment violation. *Bagola v. Kindt*, 131 F.3d 632, 646 (7th Cir.1997); *Williams v. Norris*, 148 F.3d 983, 987 (8th Cir.1998); *Gill v. Mooney*, 824 F.2d 192, 195 (2d Cir.1987); *Howard v. King*, 707 F.2d 215, 219 (5th Cir.1983). But to be liable the prison officials must have acted with deliberate indifference and must not have taken reasonable steps to prevent the harm. *Bagola*, 131 F.3d at 646.

■ Contrary to the district court's conclusion, Mr. Norris stated a claim by alleging that the defendants knew that the lawnmowers were dangerous and failed to take reasonable steps to prevent the danger:

> [The defendants] were aware that a pervasive risk of harm existed in the I.D.O.C. due to actual knowledge (the number of inmates injured using push lawnmowers in the last ten years) and imputed knowledge (Governmental and private studies showing that hundreds of thousands of Americans are injured each year using push lawnmowers).

(R.5 at 6A). Mr. Norris then alleged that, despite such knowledge, the prison officials (1) failed to train prisoners to properly use push lawnmowers; (2) failed to supervise prisoners while they mowed the grass; (3) failed to provide prisoners with steel toe boots; (4) failed to provide rear safety panels for the lawnmowers; (5) allowed prisoners to wear Sony Walkman radios while cutting the grass; and (6) ordered prisoners to mow an unconscionable amount of grass in close geographical areas. Accepting these allegations as true and drawing all reasonable inferences in Mr. Norris' favor, the defendants knew about the dangerous conditions and deliberately failed to take any preventative measures to reduce the risk to inmate-workers. *See Massey v. Helman*, 259 F.3d 641, 645 (7th Cir.2001).

■ But even though Mr. Norris has stated an Eighth Amendment claim, his complaint must be dismissed because he failed to exhaust his administrative remedies before filing suit. Mr. Norris argues that he exhausted his administrative remedies because he filed a "Notice of Tort Claim" with the Indiana Attorney General and because the prison grievance system

does not provide a remedy for dismemberment. But if the administrative process has "authority to take some action in response to a complaint," a prisoner must exhaust even if the grievance procedures do not provide the remedy requested. *Booth v. Churner,* 532 U.S. 731, 121 S.Ct. 1819, 1823, 1825, 149 L.Ed.2d 958 (2001); *Larkin v. Galloway,* 266 F.3d 718, 723 (7th Cir.2001). The available action can be as minimal as offering a hearing on the grievance. *Larkin,* 266 F.3d at 723. Because Mr. Norris admits that the IDOC grievance procedures could have provided "injunctive relief from the policies and procedures which caused the constitutional violation," (R.24 at 2), he failed to exhaust his administrative remedies.

Therefore, the judgment of the district court is VACATED, and the case is REMANDED with instructions to dismiss without prejudice for failure to exhaust administrative remedies under 42 U.S.C. § 1997e(a).