11-1445-pr
*Smith v. Levine, et al.*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of January, two thousand thirteen.

PRESENT:

> JOSÉ A. CABRANES,
> RICHARD C. WESLEY,
> DEBRA ANN LIVINGSTON,
> > *Circuit Judges.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

JULIO ISLEY SMITH,

> *Plaintiff-Appellant*,

> -v.-                                                          No. 11-1445-pr

JAMES LEVINE, Prison Guard, C.F. KELLY, JR., Captain,

> *Defendants-Appellees*,

GARY GREENE, Superintendent, JOHN DOE, Prison Guard, JOHN DOE, MICHAEL MOLISANI,

> *Defendants.*

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

**FOR PLAINTIFF-APPELLANT:**                  JAMES DARROW (Alexandra A.E. Shapiro, *on the brief*), Shapiro, Arato & Isserles LLP, New York, NY.

**FOR DEFENDANTS-APPELLEES:**   MARTIN A. HOTVET, Assistant Attorney General (Barbara D. Underwood, Solicitor General, Andrea Oser, Deputy Solicitor General, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York.

Appeal from a March 22, 2011 judgment entered by the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the March 22, 2011 judgment of the District Court be **VACATED** and the cause **REMANDED** for further proceedings.

Plaintiff Julio Isley Smith appeals an order of the District Court dismissing his claims against James Levine, a guard, and C.F. Kelly, formerly a captain at the Great Meadow Correctional Facility, where Smith was formerly imprisoned. He also appeals an order of the District Court that granted summary judgment to Gary Greene,[1] Superintendent of Great Meadow, and to Kelly, on the theory that, even if Kelly were to be reinstated as a defendant, summary judgment would be appropriate. Smith claims that Levine and Kelly unlawfully retaliated against him for exercising his First Amendment rights when they transferred him to another prison. We assume familiarity with the underlying facts and procedural history of this case.

## BACKGROUND

At the time of the relevant events, Smith was an inmate at the Great Meadow Correctional Facility in Comstock, New York. He claims that, on February 27, 2006, he witnessed several guards assault another inmate. Thereafter, he filed a grievance with the New York State Inspector General ("NYSIG"), complaining that a fellow Muslim inmate had been beaten on account of his religion. He further claims that the defendants, in retaliation for his complaint and in order to prevent a representative from NYSIG from interviewing him, placed him "on a 72 hour investigation," and then transferred him to Auburn Correctional Facility, where he was forced to spend some time in the restrictive Special Housing Unit ("SHU").

On April 17, 2006, Smith filed a *pro se* complaint claiming violation of his First Amendment rights. He subsequently filed an amended complaint, naming Greene, Kelly, Levine, and four other guards—Michael Molisani, Colleen Russell, and two John Does—as defendants. Molisani, Russell, and the two John Does were later dismissed from the suit by the District Court, and are not subjects of the current appeal. On March 24, 2008, Judge Lawrence E. Kahn dismissed the amended complaint as to

---

[1] We denied Smith's motion for leave to proceed *in forma pauperis* as to Greene, and dismissed Greene from this appeal by order issued November 28, 2011.

Kelly and Levine on the ground that the amended complaint failed to make specific allegations concerning their personal involvement in the decision to transfer Smith, leaving only Greene as a defendant. On March 16, 2010, Judge Glenn T. Suddaby, who had assumed responsibility for the case, denied Greene's first motion for summary judgment, based on the Report and Recommendation of Magistrate Judge Andrew T. Baxter, in order to permit Smith an opportunity to conduct further discovery to ascertain who ordered his transfer.

On September 24, 2010, defendants filed an affidavit signed by Kelly asserting that it was, in fact, Kelly who ordered the transfer, but that he did so "to preserve the safety and security of the facility in light of information [he] had received that [Smith] was attempting to rile up other inmates." On February 1, 2011, Magistrate Judge Baxter issued a second Report and Recommendation, concluding that Greene's renewed motion for summary judgment should be granted. On March 22, 2011, Judge Suddaby adopted the recommendation of Magistrate Judge Baxter and granted summary judgment to Greene. The summary judgment rested on three main grounds: (1) no reasonable jury could find any personal involvement by Greene; (2) it was not "clearly established that filing a complaint about the treatment of another inmate constituted constitutionally protected speech," and therefore defendants would be entitled to qualified immunity; and (3) Smith was transferred for non-retaliatory reasons, as demonstrated by Kelly's affidavit.

Smith then filed this appeal and moved to proceed *in forma pauperis*. On November 28, 2011, we granted his motion in part and denied it in part. Specifically, we dismissed his appeal with respect to his claims against Greene, Molisani, Russell, and the two John Does. However, we appointed *pro bono* counsel and directed briefing on whether the District Court erred in determining that: "(1) Appellant's amended complaint had failed to sufficiently allege the personal involvement of defendants Kelly and Levine; (2) Appellant had not engaged in constitutionally protected activity; and (3) the law surrounding Appellant's protected activity was not 'clearly established' in March 2006." *Smith v. Levine*, No. 11-1445-pr (2d Cir. Nov. 28, 2011) (order granting motion to proceed *in forma pauperis* in part). With the benefit of briefing and oral argument, we now consider those issues.

## DISCUSSION

We note at the outset that defendants have conceded issues (2) and (3). That is, they do not argue that Smith did not engage in a constitutionally protected activity nor that the law surrounding that activity—namely, his filing of a grievance related to the assault on his fellow inmate—was not clearly established at the time. Instead, defendants urge us to consider a separate ground for affirmance, which is that Smith's transfer from Great Meadow to Auburn was not an adverse action. First, we address whether Kelly and Levine were properly dismissed from this action and, second, we consider defendants' new claim that Smith did not suffer an adverse action.

3

## A.      Dismissal of Kelly and Levine

We review de novo a district court's grant of a motion to dismiss under Rule 12(b)(6), accepting all of the complaint's factual allegations as true and drawing all reasonable inferences in the plaintiff's favor. *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429 (2d Cir. 2012). "[T]he submissions of a *pro se* litigant must be construed liberally and interpreted to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks omitted) (emphasis in original). On the other hand, "because prisoner retaliation claims are easily fabricated, and accordingly pose a substantial risk of unwarranted judicial intrusion into matters of general prison administration, we are careful to require non-conclusory allegations." *Bennett v. Goord*, 343 F.3d 133, 137 (2d Cir. 2003) (quotation marks omitted).

The District Court dismissed Smith's amended complaint against Kelly and Levine because the complaint gave "no indication" that either had any personal involvement in the alleged retaliatory transfer. To prevail in a First Amendment retaliation claim under 42 U.S.C. § 1983, "a plaintiff must show by a preponderance of the evidence that the defendant was personally involved—that is, he directly participated—in the alleged constitutional deprivations." *Gronowski v. Spencer*, 424 F.3d 285, 293 (2d Cir. 2005); *see also Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010).

Although Smith's amended complaint may not contain the specificity desired in all contexts, given the "special solicitude" accorded to *pro se* complaints, *Triestman*, 470 F.3d at 475, we hold that the District Court erred in dismissing the amended complaint against Kelly and Levine. In particular, Smith alleges that it was Kelly who instructed the guards to place him on the 72 hour investigation, one day prior to his transfer. Joint App'x 39. The obvious inference to be drawn from the sequence of Smith's allegations is that the investigation was a precursor to his transfer and that, inasmuch as Kelly ordered the investigation, he had a direct role in the transfer. As for Levine, Smith alleges that he was the guard who actually removed him from his cell and put him on his way to Auburn. Smith further alleges that Levine told the guards at Auburn that the transfer was executed as punishment for his written complaints to NYSIG, and that, as a direct result, the guards at Auburn placed him in the SHU. *Id.* at 39-41.

We find that these allegations are sufficient to "suggest" Kelly and Levine's direct involvement in the alleged retaliation. *Triestman*, 470 F.3d at 474. We note, however, that the language in the amended complaint barely makes out sufficient accusations regarding Levine, and we doubt that the sparse descriptions of his participation will result, on further discovery, in a viable claim. Nonetheless, we hold that it was error to dismiss Kelly and Levine from the lawsuit.

**B.** **Summary Judgment[2]**

As noted above, the District Court granted summary judgment to all defendants on the theory that it was not clearly established that Smith's activity was protected by the First Amendment. Although defendants now concede that the District Court's decision cannot be upheld on that basis, they nonetheless argue that summary judgment can be affirmed because Smith's transfer was not an adverse action or, if it was, that rule was not sufficiently established at the time, such that defendants are entitled to qualified immunity.[3] This claim is without merit.

"To prove a First Amendment retaliation claim under Section 1983, a prisoner must show (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action." *Espinal v. Goord*, 558 F.3d 119, 128 (2d Cir. 2009) (internal quotation marks omitted). An adverse action is "conduct that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights." *Gill v. Pidlypchak*, 389 F.3d 379, 381 (2d Cir. 2004) (internal quotation marks omitted).

Defendants contend that, because the conditions at Auburn were not appreciably worse than at Great Meadow, the transfer was not an adverse action. This claim finds no support in the relevant case law. We had stated, at least as early as 1998, that, while "[a] prisoner has no liberty interest in remaining at a particular correctional facility," prison authorities "may not transfer an inmate in retaliation for the exercise of constitutionally protected rights." *Davis v. Kelly*, 160 F.3d 917, 920 (2d Cir. 1998); *see also Hendricks v. Coughlin*, 114 F.3d 390, 393-94 (2d Cir. 1997); *Gill v. Mooney*, 824 F.2d 192, 194 (2d Cir. 1987) ("Of course, a claim for relief may be stated under section 1983 if otherwise routine administrative decisions are made in retaliation for the exercise of constitutionally protected rights.").

Moreover, defendants' argument finds no support in the record. Smith specifically alleges that he was placed in a restrictive unit—also known as "the hole"—upon entering Auburn as a direct consequence of his protected speech. Defendants do not contest that Smith was placed in the SHU. Thus, even assuming, *arguendo*, that Smith does bear the burden of proving that he was subject to worse conditions at the transferee prison, the issue remains disputed and is not amenable to resolution by

---

[2] As acknowledged above, this case has an unusual procedural posture. The District Court dismissed all defendants except Greene on motions to dismiss. It then granted summary judgment to Greene, the sole remaining defendant. However, the Report and Recommendation, adopted by the District Court in its grant of summary judgment, also held that, assuming Kelly should be reinstated, he should be awarded summary judgment. We understand this reasoning to be an alternate ground for Kelly's dismissal and therefore now consider whether summary judgment was correctly awarded as to Kelly.

[3] We note that, although defendants devote little attention to the issue in their brief, the District Court also held that Smith was transferred for security rather than retaliatory reasons, relying on Kelly's affidavit. We think this issue was decided prematurely and presents a disputed, material fact not properly resolved on summary judgment on the present record. *See Kaytor v. Elec. Boat Corp.*, 609 F.3d 537, 545-46 (2d Cir. 2010).

summary judgment on this record. In short, because Smith does claim that he suffered worse conditions upon his transfer to Auburn, we need not determine whether, as a matter of law, Smith suffered an adverse action. That issue may be resolved in due course by trial or, with the benefit of further discovery, by motion for summary judgment.

In sum, defendants have conceded that the reasoning relied upon by the District Court cannot support a grant of summary judgment. Because defendants' argument for alternative grounds for affirmance is without merit on the record as it currently exists, we must vacate the judgment.

## CONCLUSION

We have reviewed the record and the parties' arguments on appeal, and we **VACATE** the March 22, 2011 judgment of the District Court, and **REMAND** for further proceedings consistent with this order.

FOR THE COURT,
Catherine O'Hagan Wolfe, Clerk of Court