Beresford N. SPRINGER, Plaintiff,

v.

Gretchen SEAMAN, et al., Defendants.

Civ. No. 86-0322 P.

United States District Court,
D. Maine.

June 19, 1987.

Harold L. Lichten, Boston, Mass., for plaintiff.

Paula D. Silsby, Asst. U.S. Atty., Theodore H. Kirchner, Portland, for defendants.

## SUPPLEMENTAL MEMORANDUM OF DECISION AND ORDER ON DEFENDANT MICHAEL SEAMAN'S MOTION FOR SUMMARY JUDGMENT ON COUNT II

GENE CARTER, District Judge.

The issue before the Court, pursuant to the Court's Order of April 30, 1987, 658 F.Supp. 1502, is whether Plaintiff has demonstrated good cause for failure to file a Maine Tort Claims Act (MTCA) notice of claim within 180 days of the accrual of the defamation claim alleged in Count II of his Complaint. *See* Me.Rev.Stat.Ann. tit. 14, § 8107(1) (1964). The Court concludes that Plaintiff has made such a showing and will therefore order that Defendant Michael Seaman's motion for summary judgment on Count II be denied.

Plaintiff and his wife have submitted affidavits stating that until late May of 1985, they were unaware of the December 13, 1984 letter written by Seaman regarding a complaint about Plaintiff's job performance. In response, Seaman has submitted materials, including an excerpt from Plaintiff's own deposition, showing that Plaintiff learned of the existence of the letter and its general subject matter in January of 1985. The Court is troubled by the discrepancy between Plaintiff's sworn affidavit and Plaintiff's sworn deposition testimony. The Court nevertheless finds that Plaintiff was unaware of the exact contents of the letter until his wife obtained a copy of it in late May. Plaintiff could not have known that he had a cause of action for defamation until he learned of the contents of the letter, alleging as it does that a certain postal patron had filed a complaint, was very distressed, had never

given Plaintiff permission to sign for certified mail, and would never do so. The truth of these allegations in the letter is very much in dispute and is at the heart of Plaintiff's claim for defamation.

Seaman's fallback argument is that, even if Plaintiff did not learn of his cause of action until late May of 1985, he still had time to file his notice of claim within the 180–day period established by the MTCA. This Court assumed in its April 30 Order that the cause of action accrued on or about December 13, 1984. In order to file within the 180–day period, Plaintiff would therefore have had to file by approximately June 11, 1985, and Seaman argues that Plaintiff has not demonstrated good cause for his failure to do so.

Although Seaman has submitted materials establishing that Plaintiff had consulted an attorney on May 15, 1985, the Court does not interpret the MTCA as requiring claimants or their attorneys, upon learning of a claim within the 180–day limit, to take instantaneous action in an attempt to meet the 180–day limit. Rather, a claimant and his or her attorney are entitled to a reasonable time within which to investigate, evaluate, and prepare written notice of the claim. To hold to the contrary would create undue haste in this process and would only lead to poorly-drafted notices that would not be conducive to the orderly resolution of claims. A claimant who misses the 180–day limit because he or she has taken reasonable time to investigate, evaluate, and draft the notice has a "good cause" for missing the limit, provided that the notice is filed within 180 days after the claimant learns or should have learned of the accrual of the claim, and in no event more than two years after the accrual of the claim. *Id.* §§ 8107(1), 8110.

Plaintiff herein filed his notice of claim on August 21, 1985, just under three months after he learned of the accrual of his claim. The Court does not find three months to be an unreasonable time for investigation, evaluation, and drafting, nor does it find that Plaintiff should have learned of the accrual of his claim any earlier than he actually did. There is no dispute that Plaintiff filed within the two-year period established by section 8110. The Court therefore concludes that Plaintiff had good cause for failing to file within the 180–day limit of section 8107(1).

It is therefore ORDERED that Defendant Michael Seaman's motion for summary judgment on Count II be, and it is hereby, DENIED.