John BAUMANN, Plaintiff,

v.

James WALSH, Mr. McMann, UCF Program Committee Worker; Ms. McCollum, UCF State Shop Supervisor; Ms. Byrnes, UCF Medical Provider; and Linda Spyker–Oles, UCF Medical Provider, Defendants.

No. 95–CV–1458.

United States District Court,
N.D. New York.

Feb. 5, 1999.

John Baumann, Franklin Correctional Facility, Malone, NY, pro se.

Dennis C. Vacco, Office of Attorney General, Albany, NY (Karen Marcoux Mankes, of counsel), for Defendants,

## MEMORANDUM–DECISION AND ORDER

SCULLIN, District Judge.

### Introduction

Plaintiff, John Baumann, brings this civil rights complaint pursuant to 42 U.S.C. § 1983 alleging that the Defendants violated his Eighth and Fourteenth Amendment rights. Specifically, Plaintiff alleges the following federal causes of action against Defendants: (1) violations of his Eighth Amendment rights by failing to provide (a) reasonably safe work conditions and (b) adequate medical care; and (2) violations of his Fourteenth Amendment rights by (a) subjecting him to pain, suffering, and emotional distress inconsistent with standards of human decency, (b) being deliberately indifferent to his serious medical needs, and (c) denying him a liberty interest without due process through their deliberate indifference to his safety. Plaintiff further alleges the following state law claims: (1) Defendant McCollum violated state law prohibiting corrections officers from diagnosing inmates' medical complaints; (2) Defendants Byrnes and Spyker–Oles violated state law by failing to provide medical care consistent with medical care given non-inmates and by deliberately disregarding their duty to provide medical care; and (3) Defendants Walsh, McMann, and McCollum violated state law by failing to provide a safe working environment.

Plaintiff filed two motions for summary judgment against Defendants. Defendants cross-moved for summary judgment and to dismiss Plaintiff's complaint. Presently before the Court is the Order and Report–Recommendation of Magistrate Judge Gary L. Sharpe, dated September 9, 1998. Magistrate Judge Sharpe recommends denying Plaintiff's motions for summary judgment. Magistrate Judge Sharpe also recommends that Defendants' motion for summary judgment be granted in part and denied in part,

leaving only the Eighth Amendment claims against Defendant McCollum, *i.e.*, violations of Plaintiff's Eighth Amendment rights by (1) preventing him from receiving adequate medical care and (2) forcing him to work in a hazardous or unsafe environment.

Defendants object to that portion of Magistrate Judge Sharpe's Report–Recommendation that does not recommend dismissal of the complaint against Defendant McCollum. Defendants contend that Magistrate Judge Sharpe erred in concluding (1) that Plaintiff's medical infirmities rose to the level of a "serious medical need" and (2) that Defendant McCollum was deliberately indifferent to Plaintiff's personal safety.[1]

## Discussion

■ This Court conducts a *de novo* review of those findings and recommendations in a magistrate judge's report-recommendation to which a party has filed objections. *See* 28 U.S.C. § 636(b)(1)(C). As noted, Defendants object in part to Magistrate Judge Sharpe's recommendation regarding their cross-motion for summary judgment. A moving party will be granted summary judgment if there is no genuine issue of material fact and the party is entitled to judgment as a matter of law. *See* Fed.R.Civ.P. 56(c). Defendants, as the moving party, have the burden of demonstrating that no genuine issue of material fact exists. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). When the moving party has met its burden, the non-moving party must come forward with specific facts showing a genuine issue exists for trial. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). Because Plaintiff is the non-moving party, all inferences and ambiguities are drawn in his favor. *See Thompson v. Gjivoje*, 896 F.2d 716, 720 (2d Cir.1990). Additionally, since Plaintiff is a *pro se* litigant, the Court will construe his pleadings and submis-

sions more liberally than submissions drafted by an attorney. *See Platsky v. CIA*, 953 F.2d 26, 28 (2d Cir.1991).

## Eighth Amendment Claims

Plaintiff brings two separate Eighth Amendment claims. Each of these claims is subject to different tests and is analyzed below.[2]

### A. Medical Claim

■ To establish an Eighth Amendment violation for improper or inadequate medical treatment, Plaintiff must show (1) deliberate indifference to (2) a serious medical need. *See Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). The first is a subjective component, while the latter is objective. *See Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir.1998). The Court will examine these factors in reverse order.

#### 1. Serious Medical Need

Magistrate Judge Sharpe found that Plaintiff established a serious medical need, as evidenced by the extensive amount of treatment received since 1995. As Magistrate Judge Sharpe recognizes, no Circuit authority explicitly defines "serious injury." However, courts recognize that Eighth Amendment protection extends "beyond current health problems to those that are 'sufficiently imminent' and 'sure or very likely to cause serious illness and needless suffering in the next week or month or year.'" *Labounty v. Coombe*, No. 95 CIV 2617, 1998 WL 2553, at *3 (S.D.N.Y. Jan.5, 1998) (quoting *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993)). The standard for serious medical needs contemplates "a condition of urgency that may result in *degeneration* or extreme pain." *Chance*, 143 F.3d at 702 (emphasis added) (internal quotation marks omitted).

---

1. Plaintiff raised no objection to Magistrate Judge Sharpe's recommendation to deny his motions for summary judgment or to grant the Defendants' cross-motion for summary judgment with respect to Defendants Walsh, McMann, Byrnes, and Spyker–Oles. Consequently, the Court need not make a *de novo* review of these findings. *See* 28 U.S.C. § 636(b)(1)(C).

2. There are two separate and distinct tests for medical and work condition claims under the Eighth Amendment. In his Report–Recommendation however, Magistrate Judge Sharpe collapsed them into one test to analyze both of Plaintiff's Eighth Amendment claims. This Court will analyze each claim under the particular test applicable to that claim.

Plaintiff originally injured his elbow by falling out of a top bunk. On September 15, 1995, he reinjured that elbow by falling off a shelf at his prison job in the State Shop. Plaintiff was seen by medical personnel because of pain or injury to his right elbow no less than 27 times since his September 1995 accident, indicating a pattern of persistent pain and discomfort, rather than what Defendants refer to as "some intermittent pain." *See* Defs.' Mem. of Law in Supp. of Mot. for Summ. J., at 16. The Second Circuit once concluded that a "serious injury" existed based largely on an inmate's repeated complaints of hip pain related to broken pins in his hip. *See Hathaway v. Coughlin*, 37 F.3d 63, 67 (2d Cir.1994). Moreover, Plaintiff's prison medical reports show he continually complained of "severe" pain, and several medical personnel labeled his elbow condition as "degenerative arthritis"7D" or as indicating "degenerative changes." [3] *See* Spyker–Oles Aff. and Annexed Materials; Pl.'s Affirmation of Service, Jul. 14, 1997, Annexed Medical Record of Oct. 7, 1996 from Nassau County Medical Center.

The Second Circuit's recent decision in *Chance v. Armstrong* reinforces Magistrate Judge Sharpe's conclusion that Plaintiff had a serious medical need. *Chance* held that when determining whether a medical condition is serious, among the factors that "are highly relevant to the inquiry" are the "existence of an injury that a reasonable doctor or patient would find important and worthy of comment or treatment; the presence of a medical condition that significantly affects an individual's normal activities; or the existence of chronic and substantial pain." 143 F.3d at 702–703 (internal quotation marks omitted).

▉ Plaintiff meets each of the three *Chance* factors. First, the extensive course of treatment Plaintiff received indicates that a reasonable doctor or patient would (and in fact did) find Plaintiff's condition important and worthy of comment or treatment. Here the Court notes that several different medical personnel saw and referred Plaintiff to physicians and specialists regarding the condition of his elbow, including referrals to doctors outside the prison system. Furthermore, Plaintiff's medical file is replete with reports pertaining to his elbow. *See* Spyker–Oles Aff. and Annexed Materials.

Second, evidence suggests that Plaintiff's elbow condition affected his ability to engage in his normal work and other daily activities. An October 11, 1995 consultation report from a prison doctor indicates Plaintiff complained of pain and decreased function in his elbow. As a result of this consultation, the doctor ordered that while Plaintiff could continue to work at his regular job, he could not engage in heavy lifting. *See* Spyker–Oles Aff., at ¶ 11 & Annexed Report of Oct. 11, 1995 by Laura L. Forese, M.D. On April 25, 1996, another prison doctor indicated that henceforth, Plaintiff was to refrain from lifting anything greater than ten pounds. *See id.*, Annexed Medical Excuse of Apr. 25, 1996 from Program Activities. On October 5, 1996, Plaintiff was medically restricted from recreation for seven days and from work for an unspecified time, while being told to wear a sling. *See id.*, Annexed Medical Restriction Report of Oct. 5, 1996.

Lastly, Plaintiff alleges and complains of persistent and severe pain. Several different medical personnel involved in treating and evaluating Plaintiff over the past several years indicated on his medical reports he complained of pain and sought treatment for his condition numerous times. *See id.*, Annexed Materials.

Defendant McCollum, however, asserts that the record indicates Plaintiff sustained no serious injury such as fracture or dislocation, but rather suffers only from arthritis and limited range of motion. Yet this summary of the medical reports fails to account for the documented evidence of pain and physician-ordered proscriptions upon Plaintiff's activities. Moreover, the Court points out that no case has limited a serious bone injury to fractures or dislocations, but in-

---

**3.** Although submitted after Magistrate Judge Sharpe issued his Report–Recommendation, Plaintiff's late affidavit filed Nov. 23, 1998 alleges persistent, continual pain and contains a more recent medical report, dated October 6, 1998 indicating that his elbow evidences a "mild degenerative condition."

**512**

stead permits the injury to focus on levels of pain and degeneration. *See, e.g., Chance,* 143 F.3d at 702; *Hathaway,* 37 F.3d at 67.

Nor do the cases cited in Defendant McCollum's opposition to the Report–Recommendation support a conclusion that Plaintiff's injuries fail to rise to the level of a serious medical need. *Gibson v. McEvers,* 631 F.2d 95, 98 (7th Cir.1980), which found that a cold was not a serious medical condition, is inapplicable here because a cold is fundamentally and factually different from a persistent elbow injury that has received consistent medical attention over the past several years. *Tyler v. Rapone,* 603 F.Supp. 268, 271–72 (E.D.Pa.1985), is also factually distinct in that there the inmate's complaint did not allege his condition was serious and, in fact, the inmate at his deposition indicated the condition was never serious. In contrast, Plaintiff in the instant case maintains his condition was and continues to be serious. The Court is unable to determine whether *Dickson v. Colman,* 569 F.2d 1310, 1311 (5th Cir.1978), is applicable because the decision fails to provide a sufficient factual basis underlying its holding. The remaining cases cited by Defendant McCollum are not on point with respect to the first prong of the Eighth Amendment test. Each focuses on an inmates's failure to satisfy the second prong involving deliberate indifference, rather than the seriousness of the medical condition. *See Wood v. Housewright,* 900 F.2d 1332, 1334 (9th Cir.1990); *Jones v. Lewis,* 874 F.2d 1125, 1128 (6th Cir.1989); *Hutchinson v. United States,* 838 F.2d 390, 394 (9th Cir.1988); *Rodriguez v. Joyce,* 693 F.Supp. 1250, 1253 (D.Me.1988); *Glasper v. Wilson,* 559 F.Supp. 13, 14 (W.D.N.Y.1982).

Therefore, based on the evidence and case law presented, this Court agrees with Magistrate Judge Sharpe's conclusion that Plaintiff had an objectively serious medical need and thereby satisfies the first element of this Eighth Amendment claim.

### 2. Deliberate Indifference

■ Turning to the second prong of the Eighth Amendment analysis, Magistrate Judge Sharpe found that questions of fact exist as to whether Defendant McCollum was deliberately indifferent to Plaintiff's health when she allegedly ignored his requests for medical leave and job reassignment. Deliberate indifference means that a prison official was both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed and drew that inference. *See Farmer v. Brennan,* 511 U.S. 825, 837, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). Non-medical prison personnel engage in deliberate indifference where they "intentionally delayed access to medical care when the inmate was in extreme pain and has made his medical problem known to the attendant prison personnel." *Hodge v. Coughlin,* No. 92 Civ. 0622, 1994 WL 519902, at * 11 (S.D.N.Y. Sept. 22, 1994), *aff'd,* 52 F.3d 310 (2d Cir.1995) (table); *see also Estelle,* 429 U.S. at 104–05, 97 S.Ct. 285 (noting that deliberate indifference can be manifested "by prison guards in intentionally denying or delaying access to medical care.").

Plaintiff alleges that Defendant McCollum ignored his complaints about his injured elbow and later denied Plaintiff prompt emergency treatment after he re-injured that same elbow. Specifically, Plaintiff alleges that he immediately notified Defendant McCollum of his September 15, 1995 accident and injury when he allegedly fell from the shelves in the storage room where he worked. According to Plaintiff's complaint, Defendant McCollum ignored Plaintiff's request for immediate treatment, despite knowing that he was injured and in pain. She is said to have denied access to treatment again on October 4, 1995, when Plaintiff re-injured his arm while working in the State Shop. Defendant McCollum denies Plaintiff's claims and asserts that had Plaintiff informed her of the accident on September 15, which he did not, she would have immediately sought medical treatment for any injuries. Defendant McCollum explains that she denied Plaintiff's October 4 request for sick leave because it was her practice to relieve prisoners from work only if they were visibly ill or injured, and Plaintiff appeared to be neither.

■ Although records maintained by prison officials lend credence to Defendant McCollum's version of events in that they

show Plaintiff was provided with substantial medical care and treatment, Plaintiff's affidavits in support of summary judgment nonetheless raise material factual disputes, regardless of their likely resolution. For example, Plaintiff identifies intentional attempts by Ms. McCollum to deny or delay access to medical treatment when Plaintiff was in severe pain. Specifically his affidavit filed September 15, 1997 (Docket No. 71) alleges:

9. When I climbed down from the shelf [on September 15, 1995], Ms. McCollum was informed right away, and I requested to be sent to sick call and have my arm looked at. My arm-elbow was in such severe pain, from what just happened with the lifting and the foregoing banging, that I felt shooting pain throughout my right arm, up to the side of my neck. Ms. McCollum told me my injury wasn't life threatening and it was not an emergency, that I would have to wait until tomorrow to go to sick call. I asked Ms. McCollum to look at my arm, because it was already black and blue and swelling. Ms. McCollum refused to look at my arm and told me to continue working. . . .

. . . .

14. On October 4, 1995, Plaintiff again sustained injury again [sic] to his right elbow, while performing lifting chores amidst his job assignment. Plaintiff heard the popping sound which accompanied [sic] by excruciating pain along his arm. Once again, Ms. McCollum was informed of this incident, Ms. McCollum was previously made aware of Plaintiff's X-ray results. . . . When I asked Ms. McCollum for the rest of the day off, knowing Plaintiff's pain and suffering, Ms. McCollum said no. Ms. McCollum also informed her co-worker, Ms. Johnson, that Mr. Baumann, will be working late today . . . .

As Magistrate Judge Sharpe noted, if Defendant McCollum were aware of Plaintiff's injuries and subsequent pain at the time those injuries occurred, yet failed to provide access to necessary medical care or treatment, then an Eighth Amendment violation would be established despite the fact that medical treatment was later received. *See Archer v. Dutcher*, 733 F.2d 14, 16 (2d Cir. 1984) (observing that a delay in medical treatment for the purpose of making an inmate suffer would state an Eighth Amendment claim). Accordingly, summary judgment is inappropriate, as questions of fact exist that are dependent upon the credibility of these two witnesses. The Court cannot accept Defendant McCollum's version of the facts—despite their apparent plausibility—over Plaintiff's version in this motion for summary judgment. *See id.* at 16, 17 (reversing grant of summary judgment where inmate's affidavits raised conflicting factual issues, even though the inmate's case appeared meritless when considered in light of defendant's affidavits).

## B. Unsafe Working Conditions: Deliberate Indifference to Plaintiff's Safety

■ Magistrate Judge Sharpe also recommends denying Defendant McCollum's motion for summary judgment with respect to Plaintiff's Eighth Amendment claim of unsafe working conditions. For Plaintiff to succeed with this particular claim, he must establish that (1) he was incarcerated under conditions which posed a substantial risk of serious harm, which is an objective element; and (2) prison officials acted with deliberate indifference to his health or safety, which is a subjective element. *See Farmer*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). The deliberate indifference standard is the same as that used for a medical care claim. *See Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991).

### 1. Substantial Risk of Serious Harm

■ Regarding the first element, the Court in reviewing the record determines that a substantial risk of serious harm existed with respect to Plaintiff's working conditions.[4] Plaintiff alleges that he was made to climb along shelves and stand on boxes to retrieve material from the top shelves of the storage room. Such conditions, if proven to be true, are inherently unsafe and

4. The Court makes this determination for the first time, since neither the parties nor Magistrate Judge Sharpe addressed this particular question.

dangerous. It makes no difference whether Defendant McCollum engaged in similar conduct herself, as long as Plaintiff was exposed to such conditions. Nor is it relevant that Defendant McCollum contends Plaintiff's injuries were not caused by his working conditions. *Farmer* focuses on whether a substantial *risk* of serious harm was present, not whether serious harm actually occurred. *See Heisler v. Kralik,* 981 F.Supp. 830, 837 (S.D.N.Y.1997) (holding that prisoner need not suffer serious physical injury to establish a claim for unsafe prison conditions), *aff'd* 1998 WL 636985 (2d Cir. Jul.21, 1998) (unpublished order).

### 2. Deliberate Indifference

Regarding the second element, Magistrate Judge Sharpe concluded that questions of fact exist as to whether Defendant McCollum was deliberately indifferent to Plaintiff's safety.[5] Plaintiff claims Defendant McCollum knew of the unsafe and hazardous environment in the storage room, yet disregarded the risks to Plaintiff. Specifically, Plaintiff alleges in his affidavit filed September 15, 1997 (Docket No. 71):

6.... Plaintiff specifically expressed concern regarding the hazardous duty of having to climb upon boxes and along shelves in order to pull requisitions from the storage room, Plaintiff informed Ms. McCollum that it wasn't his job, and procedure's [sic] pulling requisitions in the storage room was dangerous. Ladders should be employed like in the State Shop, rather than the dangerous method of climbing currently used....

....

8.... As I climbed along the shelves in the storage room, I lost my balance, pulling a case approximately 10 feet high from the floor, I drop [sic] the case, it hit Mr. Brown, in stopping myself from falling, I banged my elbow on one of the shelve's [sic] metal beams.

....

16.... Ms. McCollum knew there was [sic] no ladders in the storage room. The only ladder was approximately 10 to 12 feet tall and about 6—6½ feet wide, and rolled on 4 wheels, this ladder on all fours, could not be wheeled into the storage room because of a heater hanging from the ceiling which blocked it from going through the doors. From March to October 1995, Ms. McCollum would not allow this ladder to be moved into the storage room ....

In response, Defendant McCollum denies that she forced Plaintiff to work in such unsafe conditions. She further maintains that a ladder was available for Plaintiff's use in retrieving supplies from the upper shelves in the storage room. Defendant McCollum contends she took all reasonable measures to protect Plaintiff's safety. Additionally, she argues that even if she had not taken all reasonable measures, mere negligence does not rise to the level of "deliberate indifference" required for an Eighth Amendment Claim.

The Second Circuit addressed the issue of deliberate indifference in the workplace in *Gill v. Mooney,* 824 F.2d 192 (2d Cir.1987). In *Gill,* the plaintiff, a state prisoner, fell off a ladder while working in a State Shop and injured his back. The inmate claimed that a corrections officer ordered him to continue working on the ladder after he informed the officer that it was unsafe. The Circuit held that the plaintiff had demonstrated deliberate indifference because his allegations, when liberally construed, "involve[d] more than ordinary lack of due care for the prisoner's interests or safety." *Id.* at 195 (quoting *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)). In contrast, the Court dismissed the inmate's complaint against a second corrections officer because it included no allegations that the officer had notice of the unsafe condition. *See id.*

Plaintiff in the case at hand claims to have informed Defendant McCollum of an unsafe condition, namely that climbing on shelves

---

5. Plaintiff brought his working condition claims against all Defendants, but made no specific allegations of wrongdoing against any defendant other than McCollum. Therefore, just as Magistrate Judge Sharpe did in his Report–Recommendation, this Court construes the claim as being against Defendant McCollum alone.

was dangerous. He then claims that McCollum ordered him to retrieve supplies from the storage room, without taking steps to correct the hazardous condition. Magistrate Judge Sharpe found that, assuming Plaintiff's claims are true, McCollum's behavior evidenced more than an ordinary lack of due care for Plaintiff's safety. As articulated in *Gill,* this behavior could amount to deliberate indifference.

Defendant asserts that *Gill* does not apply to the facts of this case because *Gill* involved a motion to dismiss under Fed.R.Civ.P. 12(b)(6), and the court was required to accept as true the allegations of injury and cause as set forth in the complaint. Defendant notes the current case involves a motion for summary judgment, where a court is not required to accept as true the non-moving party's complaint. Defendant argues Plaintiff failed to produce any evidence that hitting his elbow was the proximate cause of his injury. However, as discussed earlier, causation is not relevant in an Eighth Amendment claim for unsafe working conditions. Rather, the relevant issues are whether (1) Plaintiff was incarcerated under unsafe conditions which posed a substantial risk of harm and (2) Defendant McCollum, a prison official, acted with deliberate indifference. *See Farmer,* 511 U.S. at 833, 114 S.Ct. 1970.

[redacted] Based on the evidence presented, this Court agrees with Magistrate Judge Sharpe's determination that the differing accounts as to whether Defendant McCollum had notice of an unsafe work condition and whether a ladder was available for Plaintiff's use in the storage room create genuine issues of material fact. In deciding on summary judgment, the Court must not weigh the evidence, assess the credibility of witnesses, or resolve issues of fact. *See Rodriguez v. City of New York,* 72 F.3d 1051, 1061 (2d Cir.1995). Those matters are for the jury to resolve.

### Conclusion

After carefully considering Magistrate Judge Sharpe's Report–Recommendation filed in this matter, the objections and submissions of the parties, the relevant parts of the record, and the applicable law, it is hereby

ORDERED that Magistrate Judge Sharpe's Report–Recommendation, dated September 9, 1998, is ACCEPTED, for the reasons stated herein; and it is further

ORDERED that Plaintiff's motions for summary judgment are DENIED; and it is further

ORDERED that Defendants' motion for summary judgment is GRANTED in part, with respect to Plaintiff's Eighth Amendment claims against Defendants Walsh, McMann, Byrnes, and Spyker–Oles, Plaintiff's Fourteenth Amendment due process claims, and Plaintiff's state law claims; and it is further

ORDERED that because of the partial grant of summary judgment, Plaintiff's complaint is dismissed as against Defendants Walsh, McMann, Byrnes, and Spyker–Oles, thereby making them no longer parties to this lawsuit; and it is further

ORDERED that Defendants' motion for summary judgment is DENIED in part, with respect to Plaintiff's Eighth Amendment claims against Defendant McCollum; and it is further

ORDERED that Plaintiff's case shall proceed with Defendant McCollum as the only remaining Defendant in this action.

**IT IS SO ORDERED.**