10-4594-pr
Bilal v. White

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 30th day of August, two thousand twelve.

PRESENT:   RALPH K. WINTER,
             REENA RAGGI,
             GERARD E. LYNCH,
                      *Circuit Judges*.

------------------------------------------------------------------------

SHATEEK AMIN BILAL,
                      *Plaintiff-Appellant*,

      v.                                                No. 10-4594-pr

B. WHITE,
                      *Defendant-Appellee*,

NEW YORK STATE DEPARTMENT OF CORRECTIONS, PHILIP D. HEATH, JAMES PURDY, LESLIE MALIN, F.N.U. CASELLAS, F.N.U. PANZARELLA, F.N.U. CARRINGTON, JOHN DOES 1–4,
                      *Defendants*.[*]

------------------------------------------------------------------------

---

[*] The Clerk of Court is directed to amend the official caption as shown above.

APPEARING FOR APPELLANT:   JASON CETEL, JOSEPH JAKAS (Jon Romberg, Kimberly Franko, *on the brief*), Center for Social Justice, Seton Hall University School of Law, Newark, New Jersey.

APPEARING FOR APPELLEES:   No appearance.

APPEARING AS *AMICUS CURIAE*
IN SUPPORT OF APPELLEES:   WON S. SHIN, Deputy Solicitor General (Barbara D. Underwood, Solicitor General, Richard Dearing, Deputy Solicitor General, Michael S. Belohlavek, Senior Counsel, Marion R. Buchbinder, Assistant Solicitor General, of Counsel, *on the brief*), *for* Eric T. Schneiderman, Attorney General of the State of New York, New York, New York.

Appeal from a judgment of the United States District Court for the Southern District of New York (Jed S. Rakoff, *Judge*; Andrew J. Peck, *Magistrate Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment entered on October 21, 2010, is AFFIRMED.

Plaintiff Shateek Amin Bilal, who at the time of the complaint's filing was incarcerated in the Sing Sing Correctional Facility in Ossining, New York, appeals pro se from a grant of summary judgment in favor of defendants on claims that they denied Bilal access to the prison law library, showed deliberate indifference to his need for prescription medication, and retaliated against him for filing inmate grievances, all allegedly in violation of the United States Constitution. On August 2, 2011, this court appointed counsel to assist Bilal in appealing his deliberate indifference and retaliation claims against defendant B. White in connection with delaying Bilal's medication on July 22, 2009. Because the remainder of the appeal was dismissed, we do not discuss it further.

2

We review an award of summary judgment de novo, construing the record evidence in the light most favorable to the non-moving party. See Salahuddin v, Goord, 467 F.3d 263, 272 (2d Cir. 2006). We will affirm summary judgment only when the record, so viewed, reveals "no genuine dispute as to any material fact" and the movant's entitlement to judgment as a matter of law. Fed. R. Civ. P. 56(a). Because Bilal has verified his complaint, we treat it as an affidavit for summary judgment purposes. See Colon v. Coughlin, 58 F.3d 865, 872 (1995). Moreover, because Bilal proceeded pro se below, "we read his papers liberally and interpret them to raise the strongest arguments that they suggest." Brownell v. Krom, 446 F.3d 305, 310 (2d Cir. 2006).[1] In applying these principles, we assume the parties' familiarity with the facts and record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Eighth Amendment Claim

Bilal, an asserted epileptic with compressed vertebrae and arthritis in his back, faults the district court's conclusion that he failed to adduce sufficient evidence to support his Eighth Amendment claim of deliberate indifference to an objectively serious medical need on July 22, 2009. See Salahuddin v. Goord, 467 F.3d at 279–80 (describing objective and subjective components to Eighth Amendment deliberate indifference claim). We are not persuaded. The objective component of an Eighth Amendment deliberate indifference claim

---

[1] That same solicitude is unnecessary in construing plaintiff's submissions on appeal, where he is ably represented by appointed counsel.

3

"requires that the alleged deprivation must be sufficiently serious, in the sense that a condition of urgency, one that may produce death, degeneration, or extreme pain exists." Hill v. Curcione, 657 F.3d 116, 122 (2d Cir. 2011) (emphasis added; internal quotation marks omitted). Moreover, where, as here, a prisoner alleges "a temporary delay or interruption in the provision of otherwise adequate medical treatment, it is appropriate to focus on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone in analyzing whether the alleged deprivation is, in 'objective terms, sufficiently serious,' to support an Eighth Amendment claim." Smith v. Carpenter, 316 F.3d 178, 185 (2d Cir. 2003) (quoting Chance v. Armstrong, 143 F.3d 698, 702 (2d Cir. 1998)) (emphases in original).

Although epilepsy and arthritis arguably are serious underlying conditions, the record evidence here, taken as true, demonstrates a temporary delay or interruption in the provision of otherwise adequate medical treatment for those ailments lasting only a few hours. Even assuming that Bilal's conditions could produce serious complications if neglected over sufficient time, cf. Harrison v. Barkley, 219 F.3d 132, 137 (2d Cir. 2000) (recognizing possibility of complications from long-term failure to treat dental cavity), there is no evidence that Bilal's conditions worsened over the hours of delay here, see Smith v. Carpenter, 316 F.3d at 187 (holding severity of condition informed by "absence of adverse medical effects or demonstrable physical injury"). Moreover, while Bilal asserts that he could have had a grand mal seizure, he does not claim to have had one during the period of

4

delay or to have suffered any other consequential injurious effects.  See generally Harrison v. Barkley, 219 F.3d at 137 (holding that potential consequences of untreated condition may support claim for "refused treatment," if not one for "delayed treatment" (emphases in original)).

In fact, the only evidence that Bilal suffered "extreme pain" is his own allegation in the verified complaint, which does no more than to recite the phrase, without any indication of the duration, location, or nature of his pain.  Furthermore, despite access through discovery to his complete medical records, Bilal offered none of those records in opposition to summary judgment, and thus failed to corroborate his allegation with any details, beyond the general diagnoses described above, of his medical history, the severity of his prior suffering, or the medications he has been prescribed.  On this record, Bilal's mere recitation of the formula that he suffered "extreme pain" is insufficient to raise an issue of fact as to whether the delay of the pain medication was sufficiently serious to rise to the level of an Eighth Amendment violation.

The lack of objective record evidence of consequential injury also defeats Bilal's alternative argument that White's alleged retaliatory animus in ignoring Bilal's pleas for medication equates to the malicious and sadistic infliction of physical force in violation of the Eighth Amendment.  See, e.g., Wright v. Goord, 554 F.3d 255, 268–69 (2d Cir. 2009)

5

(citing Hudson v. McMillian, 503 U.S. 1, 9 (1992)).[1] While a defendant's decision "to delay emergency medical aid—even for 'only' five hours—in order to make [an inmate] suffer" can state a claim for deliberate indifference to medical needs, Archer v. Dutcher, 733 F.2d 14, 16 (2d Cir. 1984); see also Gill v. Mooney, 824 F.2d 192, 196 (2d Cir. 1987), the record here demonstrates no such emergency condition, much less any serious consequence at all from the delay in treatment.

2.      First Amendment Claim

We summarily reject Bilal's argument that the district court erred in awarding summary judgment on plaintiff's First Amendment claim for retaliation. To pursue such a claim, a prisoner must adduce evidence of (1) protected speech or conduct, (2) adverse action by defendant, and (3) a causal connection between the protected speech and the adverse action. See Espinal v. Goord, 558 F.3d 119, 128 (2d Cir. 2009). Even where evidence satisfies each element, a defendant may avoid liability by showing that he "would have disciplined the plaintiff even in the absence of the protected conduct." Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (internal quotation marks omitted).

Arguing as amicus curiae in support of White, the State of New York does not dispute that Bilal's filing of an inmate grievance qualifies as protected activity for First Amendment

---

[1] Thus, we need not here define the contours of such a claim based on a defendant's "omissions for the very purpose of causing harm," Farmer v. Brennan, 511 U.S. 825, 835 (1994), rather than on affirmative acts that interfere with bodily integrity, see Hudson v. McMillian, 503 U.S. at 9 (concluding that maliciously inflicted "bruises, swelling, loosened teeth, and a cracked dental plate" constituted actionable Eighth Amendment injury).

purposes. Rather, amicus questions Bilal's Article III standing to pursue a claim for retaliation for alleged events on July 22, 2009, in the absence of evidence that Bilal was subjectively chilled by the adverse action. In fact, we have held that an inmate who claims retaliation for filing grievances need not show that defendants' conduct thereafter chilled his own exercise of rights. See Gill v. Pidlypchak, 389 F.3d 379, 384 (2d Cir. 2004) (holding that inmate's responding to retaliation for filing grievances "with greater than 'ordinary firmness'" by filing additional grievances "does not deprive him of a cause of action"). Nevertheless, we have suggested that the petitioning prisoner must adduce evidence of some other harm. See id. at 381–83; Espinal v. Goord, 558 F.3d at 128 n.7. If the asserted harm is personal to the inmate and concrete, as opposed to speculative, Article III's injury-in-fact requirement is met even if the cause of action ultimately proves meritless. See Gill v. Pidlypchak, 389 F.3d at 383 (stating that standing is established by inmate's clear allegation of concrete harm "independent of First Amendment chilling").

Here, Bilal submits that he was harmed by two adverse actions taken by White. On July 22, 2009, less than a month after Bilal had filed a successful grievance against White, defendant (1) fabricated a misbehavior report against Bilal, and (2) temporarily ignored Bilal's requests for prescription pain medication. The first allegation is insufficient by itself to demonstrate injury. See Boddie v. Schnieder, 105 F.3d 857, 862 (2d Cir. 1997) (stating "inmate has no general constitutional right to be free from being falsely accused in a misbehavior report"). Bilal offers no evidence that he was wrongly punished based on

7

White's purportedly false accusation, nor that he was subjected to unfair disciplinary proceedings. See id. Thus, even if a prisoner would be able to claim injury if placed in keeplock based on false disciplinary charges, see Gill v. Pidlypchak, 389 F.3d at 384, Bilal's failure to adduce any evidence that the disciplinary charges were in fact false supports summary judgment for defendant on the merits of that claim, see Gayle v. Gonyea, 313 F.3d 677, 683 (2d Cir. 2002); Franco v. Kelly, 854 F.2d 584, 590 (2d Cir. 1988).

As for the delay in Bilal's receipt of prescription pain medication, we conclude, for substantially the same reasons that we reject Bilal's Eighth Amendment claim, that the record presented fails to bring Bilal's retaliation claim within "the ambit of constitutional protection." Dawes v. Walker, 239 F.3d 489, 493 (2d Cir. 2001) (cautioning against courts' transforming into retaliation "virtually any adverse action taken against a prisoner by a prison official"), overruled on other grounds by Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002). Finally, White's alleged comments relating to Bilal's filing of grievances do not, on their own or in combination with the other alleged acts, amount to actionable harm. See Davis v. Goord, 320 F.3d 346, 353 (2d Cir. 2003) (stating that "disrespectful comments directed at an inmate generally do not rise to" level of retaliation).[3]

---

[3] We similarly agree with the district court that White's subjecting Bilal to a mouth check after Bilal received his medication on July 22 cannot sustain a retaliation claim; such a protocol to ensure medication is ingested could unquestionably have occurred "based on . . . proper reasons alone." Graham v. Henderson, 89 F.3d at 79.

8

3.    Other Issues

Because we affirm the district court's award of summary judgment, we need not reach amicus's contentions that plaintiff failed to exhaust his administrative remedies as required by the Prison Litigation Reform Act, see 42 U.S.C. § 1997e(a); Handberry v. Thompson, 446 F.3d 335, 342 (2d Cir. 2006) (holding that exhaustion requirement is not jurisdictional), or that the action cannot proceed absent service of process on White.

The judgment of the district court is AFFIRMED.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court