**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**
**IN AND FOR NEW CASTLE COUNTY**

| | | |
|---|---|---|
| **PABLO A. DAMIANI,** | ) | |
| Plaintiff, | ) | |
| v. | ) | C.A. No. N14C-05-186-ALR |
| | ) | |
| **GEORGE GILL (Sergeant),** | ) | |
| Defendant. | ) | |

Submitted: December 16, 2014
Decided: January 28, 2015

*Upon Defendant's Motion for Summary Judgment* **— GRANTED**

On December 3, 2014, Defendant Sergeant George Gill filed a motion for summary judgment in his favor, and Plaintiff Pablo A. Damiani has opposed Defendant's motion. Upon consideration of Defendant's motion and Plaintiff's opposition thereto, the Court finds as follows:

1. The Court may grant summary judgment only where the moving party can "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."[1] The moving party bears the initial burden of proof, and once that is met, the burden shifts to the non-moving party to show that a material issue of fact exists.[2] At the

---

[1] Super. Ct. Civ. R. 56.
[2] *Moore v. Sizemore*, 405 A.2d 679, 680-81 (Del. 1979).

motion for summary judgment phase, the Court must view the facts "in the light most favorable to the non-moving party."[3]

2. Plaintiff filed a complaint as a self-represented litigant on May 22, 2014 against Defendant. Plaintiff is an inmate at the James T. Vaughn Correctional Center. Defendant is a correctional officer for the Delaware Department of Corrections. The complaint mentions a Defendant John Doe #1 and a Defendant John Doe #2, but the complaint was never amended to add the names of those individuals. Plaintiff has not requested leave to amend the complaint.

3. Plaintiff's complaint alleges that during the afternoon of December 18, 2013, Plaintiff fell and hurt his back during a basketball game and that Defendant failed to provide adequate medical care. Plaintiff contends that after the alleged fall he was on the ground in pain and that John Doe #1 and John Doe #2 ignored his requests get immediate medical help. Plaintiff alleges that his injury required the assistance of other inmates to help him walk back to his cell. Around 2:45 p.m., just over an hour after the alleged fall, Plaintiff claims to have told Defendant about his pain and requested medical assistance. Plaintiff states that Defendant told Plaintiff to wait until

---

[3] *Brzoska v. Olson*, 668 A.2d 1355, 1364 (Del. 1995).

the next medical pass, which occurred at 4:00 p.m.[4] Plaintiff saw the nurse and received pain medication. Plaintiff later saw a doctor and received an x-ray and physical therapy. Plaintiff claims he was denied access to medical treatment because of the two-hour time between Plaintiff's injury and Plaintiff's access to medical treatment.

4. First, the claims against John Doe #1 and John Doe #2 should be dismissed, as they were never formally listed as defendants in this case. Suits against John Doe defendants are a nullity under Delaware law.[5] Accordingly, the claims and relevant portions of the complaint relating to Defendants John Doe #1 and John Doe #2 J must be stricken.[6]

5. Defendant, the only remaining adversary, has provided his own affidavit as well as an expert report for the Court's consideration of Defendant's motion for summary judgment. Defendant has denied any recollection of the injury and events alleged by Plaintiff. More importantly, Dr. Vincent Carr, a licensed doctor for the Delaware Department of Corrections, reviewed Plaintiff's medical records and states that Plaintiff received prompt and appropriate medical treatment. Specifically, Dr. Carr noted that Plaintiff has a long history of lower-back pain with x-ray reports indicating mild to

---

[4] According to Defendant's Affidavit, the medical pass usually occurs at 3:00 p.m..
[5] *Mohl v. Doe*, 1995 WL 339099, at *1-2 (Del. Super. May 11, 1995).
[6] *Id.*

normal degenerative disease. Dr. Carr did not find that Plaintiff suffered any serious injury from his alleged fall in December 2013. Further, Dr. Carr did not find that the two hours between the time of Plaintiff's fall and the time Plaintiff received medical treatment was significant, or that Plaintiff suffered any injury or additional injury as a result of any alleged delay in treatment.

6. Plaintiff's claim against Defendant alleges denial of adequate medical care, a claim under 42 U.S.C. § 1983 for violation of the Eighth Amendment of the United States Constitution. The United States Supreme Court has held "that the deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain,' proscribed by the Eighth Amendment."[7] In order to establish this deliberate indifference claim, Plaintiff must prove (1) from an objective standpoint, he had a serious medical need, and (2) from a subjective standpoint, that Defendant acted with deliberate indifference towards that serious medical need.[8]

7. For the purposes of consideration of the motion before the Court, the Court accepts without finding that Plaintiff might satisfy the first prong on the grounds that his condition as alleged satisfies the standard of a serious medical need. A sufficiently serious medical need, defined by decisional

---

[7] *Estelle v. Gamble*, 429 U.S. 97, 103-04 (1976) (citing *Gregg v. Georgia*, 428 U.S. 153, 173 (1976)).

[8] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994); *Wilson v. Seiter*, 501 U.S. 294, 297-98 (1991); *Deputy v. Conlon*, 2012 WL 4056147, at *2 (Del. Super. Sept. 23, 2010).

law, as one diagnosed by a doctor as requiring treatment, or an injury "so obvious that a lay person would easily recognize the necessity for a doctor's attention."[9] To establish this element, Plaintiff offered the statements of two eyewitnesses who state that Plaintiff fell and was in extreme pain. Later that same day, a nurse provided Plaintiff with two different pain medications for the pain in his lower back. Despite being able to bend and move all extremities without difficultly, Plaintiff then saw a doctor and received crutches and physical therapy for his back pain. Accordingly, for the purposes of consideration of this motion, the Court accepts without finding that Plaintiff's injury is sufficiently serious as a matter of law.

8. However, Plaintiff cannot satisfy the second prong of his deliberate indifference claim. Plaintiff cannot demonstrate as a matter of law that Defendant's culpability for acting in a way that demonstrated a "deliberate indifference to inmate health or safety."[10] Proof of deliberate indifference requires a showing that the corrections official knew of facts from which the official could infer the existence of substantial risk of serious harm to the inmate and that the official actually made such inference.[11] For instance, it is deliberate indifference for a correctional officer to "den[y] reasonable

---

[9] *Hyson v. Correctional Med. Serv.'s*, 2004 WL 769362, at *3 (D. Del. 2004) (citing *Monmouth County Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 347 (3d Cir. 1987)).

[10] *Farmer*, 511 U.S. at 834 (1994) (internal quotation marks omitted).

[11] *Id.* at 835. *See also Hyson*, 2004 WL 769362, at *3; *Conlon*, 2012 WL 4056147, at *2.

requests for medical treatment . . . and such denial exposes the inmate 'to undue suffering or the threat of tangible residual injury.'"[12]

9. Here, Plaintiff's allegations are essentially that Plaintiff complained of back pain and Defendant told Plaintiff that he would have to wait a very short period of time until the nurse came for a medical pass in order to receive treatment. Plaintiff cannot therefore establish a claim for deliberate indifference. Dr. Carr has stated that the approximate two hours between Plaintiff's fall and his treatment was not a significant delay to medical treatment and did not cause plaintiff any additional injury. The medical record from the date of the incident showing Plaintiff could move without pain also supports this opinion.[13] Plaintiff offers no evidence otherwise.

10. Accordingly, Plaintiff cannot establish that Defendant acted with the culpable state of mind of deliberate indifference toward Plaintiff's health. Even when Defendant's motion is viewed in a light most favorable to Plaintiff, there are no genuine issues of material fact in dispute. Defendant as well as the unidentified Defendants John Doe #1 and John Doe #2 are

---

[12] *Monmouth County Corr. Inst. Inmates,* 834 F.2d at 346.

[13] *See Monmouth County Corr. Inst. Inmates*, 834 F.2d at 346; *Bilal v. White*, 494 Fed. Appx. 143, 145-46 (2d Cir. 2012) (delay of only a few hours in treating inmate for injury to compressed vertebrae and arthritis in his back failed to state Eighth Amendment claim); *Jenkins v. Cnty. of Hennepin*, 557 F.3d 628, 632-33 (8th Cir. 2009) (delay of one day or two to treat inmate for swollen jaw and jaw pain was not deliberate indifference).

6

entitled to judgment as a matter of law and the motion for summary judgment must be granted.

**NOW, THEREFORE, this 28th day of January, 2015, Defendant's Motion for Summary Judgment is hereby GRANTED.**

**IT IS SO ORDERED.**


*Andrea L. Rocanelli*
_____
**The Honorable Andrea L. Rocanelli**